UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-23843-ALTMAN/REID

MAYELIN PLACERES,

    Plaintiff,

vs.

NOMI HEALTH, INC.,
SBP STAFFING AND RECRUITING LLC,
SB PORT VENTURES LLC, and
TRIXIE BELO-OSAGIE,

    Defendants.
_____/

## **AMENDED COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Mayelin Placeres, through her undersigned counsel and sues Defendants, NoMi Health, Inc., SBP Staffing and Recruiting LLC, SB Port Ventures LLC, and Trixie Belo-Osagi, for unpaid/underpaid overtime wages as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Mayelin Placeres**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.     Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of the Defendants.

4.     Plaintiff consents to participate in this lawsuit.

1

5. **Defendant, NoMi Health, Inc. ("Nomi")**, is a foreign for-profit corporation authorized to conduct its business in Florida and is *sui juris*. Nomi conducted its healthcare testing and treatment business in numerous locations, including in this District, at all times material.

6. **Defendant, SBP Staffing and Recruiting LLC ("SBP Staffing")**, is a Florida limited liability company authorized to conduct its business in Florida and is *sui juris*. Defendant has conducted its medical staffing service business in this District, at all times material.

7. **Defendant, SB Port Ventures LLC ("SBP")**, is a Florida limited liability company authorized to conduct its business in Florida and is *sui juris*. Defendant has conducted its medical staffing service business in this District, at all times material.

8. **Defendant, Trixie Belo-Osagie**, was at all times material an owner/officer/director/manager of SBP Stafing and SBP, for the time period relevant to this lawsuit. She ran their day-to-day operations, directly/indirectly supervised Plaintiff, was responsible for all operational decisions, and/or was partially or totally responsible for paying Plaintiff's wages

9. Defendants were Plaintiff's employers, as the term "employer" is defined by 29 U.S.C. §203 (d).

10. Defendants, Nomi, SBP Staffing, SBP, and Ms. Belo-Osagi, would conduct and/or coordinate the training sessions that Plaintiff was required to attend.

11. Defendants, Nomi, SBP Staffing, SBP, and Ms. Belo-Osagi, would conduct and/or coordinate schedules Plaintiff was required to work by instructing her on when and where to work and the job duties they expected her to perform.

12. Defendants, SBP Staffing and SBP, issued payments for the Plaintiff performed.

2

13. Defendants, Nomi, SBP Staffing, SBP, and Ms. Belo-Osagi, established the policies and procedures that Plaintiff was to follow in her work.

14. Defendants jointly employed Plaintiff within the meaning of 29 C.F.R. §791.2, as they shared a common workforce with a common purpose and utilized a unified nucleus of control and are therefore jointly and severally liable for all overtime wages, liquidated damages, attorneys' fees, and costs awarded to Plaintiff.

15. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

16. This Court has original jurisdiction over Plaintiff's federal question claim under 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

### *FLSA Jurisdictional Allegations*

17. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

18. Defendant, Nomi, engaged in interstate commerce by contracting to provide COVID testing and vaccination services for locations in different states, including in Florida.

19. Furthermore, Defendants engaged in interstate commerce through their regular and routine submission of billings and receipt of payment involving out-of-state medical payors, out-of-state insurers, and/or the United States government.

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

20. Defendants utilized computers, telephones, phone systems, syringes, swabs, vaccines, testing kits, computers, computer networking equipment, software, vehicles, paper, printer and copier toner, and other materials and supplies to engage in interstate commerce.

21. Defendants' annual gross revenues from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or exceed $125,000 for each fiscal quarter.

### *Factual Allegations*

22. Defendants provided COVID-19 testing and vaccination at various sites throughout Florida using a workforce comprised almost entirely of independent contractors on which they relied to carry out the duties they contractually obligated themselves to undertake in Florida for various state, municipal, and local governmental entities.

23. Plaintiff worked for the Defendants from approximately August 21, 2021 to February 13, 2022.

24. Defendants paid Plaintiff $45 for each hour that she worked.

25. To the extent that records exist regarding the exact dates of her employment exist, those records are in the exclusive custody of the Defendants.

26. Plaintiff's work for Defendants was in, or so closely related to, the movement of commerce that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

27. Plaintiff is a Registered Nurse ("RN") who worked for the Defendants as an "RN" at various locations in this District.

28. Plaintiff worked under the direct supervision of others employed by the Defendants, who provided her with a schedule and told her where to go, what to do, and how to do it.

29. Plaintiff utilized the testing materials, vaccines, syringes, swabs, materials, and supplies provided to her by the Defendants at the locations, dates, and times designed by

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Defendants to perform the work that Defendants instructed her to perform and which they supervised and directed her to perform.

30. Plaintiff also provided medical/nursing care to the patients of Defendant, Nomi Health Inc., who would register with it and request services from it.

31. All conditions precedent were satisfied by Plaintiff and/or waived by Defendants.

32. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Liability Allegations*

33. Defendants assigned Plaintiff the work she was to perform, including where, when, and the hours she was to perform the work.

34. Defendants provided Plaintiff with the patients for whom she was to provide services.

35. If Plaintiff was running late, she was required to inform the "site lead" who worked for the Defendants.

36. Defendants required Plaintiff to attend training sessions, identifying where and when she was to attend them, and provided the information and materials on which they would train her.

37. Defendants required Plaintiff to log in and out of work through online time-tracking applications.

38. Plaintiff regularly and routinely worked more than 40 hours per week to perform services for and at the direction of Defendants.

39. Plaintiff estimated that she worked 364.76 hours, for which she is owed $8,207.10 in unpaid overtime wages. (*See* Exhibit "A.")

5

## COUNT I – FLSA OVERTIME VIOLATION
### (AGAINST NOMI HEALTH, INC.)

Plaintiff, Mayelin Placeres, reincorporates and realleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

40. Defendant, Nomi, failed and refused to pay Plaintiff an overtime rate of one and one-half times her regular hourly rate for all the overtime hours she worked beyond 40 hours in a workweek as a non-exempt hourly employee in violation of the FLSA.

41. Defendant, Nomi engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and its other employed registered nurses overtime wages of one and one-half times their regular hourly rate(s) of pay for the overtime hours worked as non-exempt hourly employees during the past three years.

42. Defendant, Nomi, was not only previously sued in federal court for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA, it also has been sued in arbitration by over 75 other former employees. Yet, it still failed to pay Plaintiff overtime wages.

43. Defendant Nomi either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff overtime wages of one and one-half times her regular hourly rate(s) of pay as a non-exempt hourly employee violated the FLSA and then failed to correct its violations timely.

44. Plaintiff is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as a non-exempt hourly employee, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

6

## COUNT II – FLSA OVERTIME VIOLATION
## (AGAINST SBP STAFFING AND RECRUITING LLC)

Plaintiff, Mayelin Placeres, reincorporates and realleges paragraphs 1 through 39 as though set forth fully herein and further alleges as follows:

45. Defendant, SBP Staffing, failed and refused to pay Plaintiff an overtime rate of one and one-half times her regular hourly rate for all the overtime hours he worked beyond 40 hours in a workweek as a non-exempt hourly employee in violation of the FLSA.

46. Defendant, SBP Staffing engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and its other employed registered nurses overtime wages of one and one-half times her regular hourly rate(s) of pay for the overtime hours he worked as a non-exempt hourly employee during the past three years.

47. Defendant, SBP Staffing, was sued previously for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA. Yet, it still failed to pay Plaintiff overtime wages.

48. Defendant SBP Staffing either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff overtime wages of one and one-half times her regular hourly rate(s) of pay as a non-exempt hourly employee violated the FLSA and then failed to correct its violations timely.

49. Plaintiff is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as a non-exempt hourly employee, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## **COUNT III – FLSA OVERTIME VIOLATION**
**(AGAINST SB PORT VENTURES LLC)**

Plaintiff, Mayelin Placeres, reincorporates and realleges paragraphs 1 through 39 as though set forth fully herein and further alleges as follows:

50. Defendant, SBP, failed and refused to pay Plaintiff an overtime rate of one and one-half times her regular hourly rate for all the overtime hours he worked beyond 40 hours in a workweek as a non-exempt hourly employee in violation of the FLSA.

51. Defendant, SBP engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and its other employed registered nurses overtime wages of one and one-half times her regular hourly rate(s) of pay for the overtime hours he worked as a non-exempt hourly employee during the past three years.

52. Defendant, SBP, was sued previously for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA. Yet, it still failed to pay Plaintiff overtime wages.

53. Defendant, SBP either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff overtime wages of one and one-half times her regular hourly rate(s) of pay as a non-exempt hourly employee violated the FLSA and then failed to correct its violations timely.

54. Plaintiff is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as a non-exempt hourly employee, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

8

## COUNT IV – FLSA OVERTIME VIOLATION
### (AGAINST TRIXIE BELO-OSAGIE)

Plaintiff, Mayelin Placeres, reincorporates and realleges paragraphs 1 through 39 as though set forth fully herein and further alleges as follows:

55. Defendant, Ms. Belo-Osagi, failed and refused to pay Plaintiff an overtime rate of one and one-half times her regular hourly rate for all the overtime hours he worked beyond 40 hours in a workweek as a non-exempt hourly employee in violation of the FLSA.

56. Defendant, Ms. Belo-Osagi engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and her other employed registered nurses overtime wages of one and one-half times her regular hourly rate(s) of pay for the overtime hours he worked as a non-exempt hourly employee during the past three years.

57. Defendant, Ms. Belo-Osagi, was sued previously for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA. Yet, she still failed to pay Plaintiff overtime wages.

58. Defendant Ms. Belo-Osagi either knew from prior experience or recklessly failed to investigate whether her failure to pay Plaintiff overtime wages of one and one-half times her regular hourly rate(s) of pay as a non-exempt hourly employee violated the FLSA and then failed to correct her violations of the FLSA timely.

59. Plaintiff is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as a non-exempt hourly employee, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

**PRAYER FOR RELIEF**
(**ALL COUNTS**)

WHEREFORE Plaintiff, Mayelin Placeres, demands the entry of a judgment in her favor and against Defendants, NoMi Health, Inc., SBP Staffing and Recruiting LLC, SB Port Ventures LLC, and Trixie Belo-Osagi, on all counts, jointly and severally after trial by jury, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

10

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Mayelin Placeres, demands a trial by jury of all issues so triable.

Respectfully submitted this 20th day of October 2023,

>s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

11

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

# EXHIBIT

# "A"

# EXHIBIT "A"

| Column1 | Column12 | Column2 | Column3 | Column4 | Column5 | Column6 | Column7 |
|---|---|---|---|---|---|---|---|
| Period Starts | Period Ends | Pay Date | Worked Hours | OT Hours | Regular Pay Rate | OT Pay Rate | OT Owed |
| 8/23/21 | 8/29/21 | 8/26/21 | 23.00 | 0.00 | $45 | $22.50 | $0.00 |
| 8/23/21 | 8/29/21 | 9/1/21 | 56.00 | 16.00 | $45 | $22.50 | $360.00 |
| 8/30/21 | 9/5/21 | 9/8/21 | 52.50 | 12.50 | $45 | $22.50 | $281.25 |
| 9/6/21 | 9/12/21 | 9/15/21 | 26.00 | 0.00 | $45 | $22.50 | $0.00 |
| 9/13/21 | 9/19/21 | 9/22/21 | 51.00 | 11.00 | $45 | $22.50 | $247.50 |
| 9/20/21 | 9/26/21 | 9/29/21 | 51.50 | 11.50 | $45 | $22.50 | $258.75 |
| 9/27/21 | 10/3/21 | 10/6/21 | 77.10 | 37.10 | $45 | $22.50 | $834.75 |
| 10/4/21 | 10/10/21 | 10/13/21 | 50.75 | 10.75 | $45 | $22.50 | $241.88 |
| 10/11/21 | 10/17/21 | 10/20/21 | 64.58 | 24.58 | $45 | $22.50 | $553.05 |
| 10/18/21 | 10/24/21 | 10/29/21 | 0.00 | 0.00 | $45 | $22.50 | $0.00 |
| 10/25/21 | 10/31/21 | 11/5/21 | 51.40 | 11.40 | $45 | $22.50 | $256.50 |
| 11/1/21 | 11/7/21 | 11/10/21 | 38.50 | 0.00 | $45 | $22.50 | $0.00 |
| 11/8/21 | 11/14/21 | 11/17/21 | 76.30 | 36.30 | $45 | $22.50 | $816.75 |
| 11/15/21 | 11/21/21 | 11/24/21 | 51.80 | 11.80 | $45 | $22.50 | $265.50 |
| 11/22/21 | 11/28/21 | 12/1/21 | 63.75 | 23.75 | $45 | $22.50 | $534.38 |
| 11/29/21 | 12/5/21 | 12/8/21 | 77.50 | 37.50 | $45 | $22.50 | $843.75 |
| 12/6/21 | 12/12/21 | 12/15/21 | 43.33 | 3.33 | $45 | $22.50 | $74.93 |
| 12/13/21 | 12/19/21 | 12/22/21 | 55.50 | 15.50 | $45 | $22.50 | $348.75 |
| 12/20/21 | 12/26/21 | 12/29/21 | 13.50 | 0.00 | $45 | $22.50 | $0.00 |
| 12/27/21 | 1/2/22 | 1/5/22 | 92.75 | 52.75 | $45 | $22.50 | $1,186.88 |
| 1/3/22 | 1/9/22 | 1/12/22 | 12.75 | 0.00 | $45 | $22.50 | $0.00 |
| 1/10/22 | 1/16/22 | 1/19/22 | 13.50 | 0.00 | $45 | $22.50 | $0.00 |
| 1/24/22 | 1/30/22 | 2/2/22 | 64.50 | 24.50 | $45 | $22.50 | $551.25 |
| 1/31/22 | 2/6/22 | 2/9/22 | 39.42 | 0.00 | $45 | $22.50 | $0.00 |
| 2/7/22 | 2/13/22 | 2/16/22 | 64.50 | 24.50 | $45 | $22.50 | $551.25 |
| | | | $1,211.43 | 364.76 | | | $8,207.10 |

| | |
|---|---|
| Regular Week Shift | 40.00 |
| Pay Rate | $45.00 |
| OT Rate | $22.50 |