**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:23-CV-23843-ALTMAN/REID**

MAYELIN PLACERES,

        Plaintiff,

v.

NOMI HEALTH, INC., SBP STAFFING AND RECRUITING LLC, SB PORT VENTURES LLC, and TRIXIE BELO-OSAGI,

        Defendants.

**DEFENDANT NOMI HEALTH, INC.'S RESPONSE
TO PLAINTIFF'S STATEMENT OF CLAIM**

In accordance with the Court's October 12, 2023 Order (Dkt. 5), Defendant Nomi Health, Inc. hereby files its response to the Statement of Claim (Dkt. 9) filed by Mayelin Placeres ("Plaintiff").

Nomi states that, because it did not contract with or employ Plaintiff (directly or indirectly), the claims against it in this matter are not viable under the FLSA, and Nomi owes no sums to Plaintiff. Accordingly, Nomi does not have any documents relating to sums it owes to Plaintiff.

Without assuming the burden of proof on any matter that is Plaintiff's burden to prove, and noting that its Answer is not yet due in this matter, Nomi anticipates that at least the following defenses may apply to Plaintiff's claims:

    1.    Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims fail as a matter of law because Nomi did not employ Plaintiff, either directly or jointly, in whole or in part, with respect to the claims asserted in this action. Plaintiff's claims are barred to the extent Plaintiff is an independent contractor.

3. Plaintiff's claims are barred in whole or in part to the extent they may fall outside of the applicable statute of limitations.

4. In the alternative, if necessary, Nomi's (and to the extent any other relevant entity's) actions with respect to Plaintiff were taken in good faith conformity with and in reliance on one or more administrative regulations, orders, rulings, approvals, interpretations, and/or administrative practices or policies pursuant to 29 U.S.C. § 259.

5. Nomi's (and to the extent any other relevant entity's) actions with respect to Plaintiff were taken in good faith with reasonable grounds to believe such conduct comported with the law. Plaintiff is therefore not entitled to liquidated damages.

6. In the alternative, if necessary, Plaintiff received full payment for all work performed, thereby barring Plaintiff's claims; alternatively, Nomi is entitled to an offset of any amount of relief claimed by Plaintiff based on compensation previously paid by any Defendant (or any other entity) for any hours when Plaintiff was not performing work, for any overpayment, for premiums paid, for any other compensation Plaintiff would not have received if Plaintiff's allegations are proven to be true, or any other basis for such offset.

7. In the alternative, if necessary, Plaintiff's claims are barred to the extent the allegedly uncompensated time is *de minimis*.

8. In the alternative, if necessary, if any Defendant has failed to pay Plaintiff for any of the activities alleged, Plaintiff's claims are barred to the extent such activities do not constitute compensable work under the FLSA.

9. In the alternative, if necessary, Plaintiff's claims are barred, in whole or in part, to the extent the time at issue represents preliminary or postliminary time under the Portal-to-Portal Act, 29 U.S.C. § 251(a), and is therefore, not compensable.

10. To the extent Plaintiff was paid for hours worked in excess of 40 hours in a week, or received creditable premiums, Plaintiff's overtime claims are barred, and Nomi is entitled to a credit relating to the same.

11. To the extent Claimant may have failed to properly disclose her claims during a bankruptcy proceeding, those claims are barred by the doctrine of judicial estoppel and Claimant lacks standing to pursue the same.

Respectfully submitted this 9th day of November 2023.

*/s/ Andrew M. McKinley*
Andrew M. McKinley
Florida Bar No. 122069
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
amckinley@seyfarth.com

*Attorney for Defendant Nomi Health, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2023, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will serve a copy of the same on all counsel of record.

                                                    */s/ Andrew M. McKinley*
                                                    Andrew M. McKinley