**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 1:23-CV-23843-ALTMAN/REID**

MAYELIN PLACERES,

        Plaintiff,

  v.

NOMI HEALTH, INC., SBP STAFFING
AND RECRUITING LLC, SB PORT
VENTURES LLC, and TRIXIE BELO-
OSAGIE,

        Defendants.

---

## DEFENDANT NOMI HEALTH, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

    Defendant Nomi Health, Inc., by and through its undersigned counsel, hereby files this

Answer to Plaintiff Mayelin Placeres's Amended Complaint (Dkt. 8). No incidental or implied

admissions should be inferred from Nomi's responses. To the extent the allegations within the

Complaint are not expressly admitted below, they are hereby denied.

### Parties, Jurisdiction, and Venue

### COMPLAINT ¶1:

    Plaintiff, Mayelin Placeres, was and is a sui juris resident of Miami-Dade County, Florida,
at all times material.

### ANSWER:

    Nomi states that the phrase "at all times material" is vague, ambiguous, and unintelligible,

and thus denies Paragraph 1 to that extent. Nomi states that it is without personal knowledge

sufficient to admit or deny the remaining allegations in Paragraph 1, and therefore denies the same.

### COMPLAINT ¶2:

    Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29
U.S.C. § 203(e).

**ANSWER:**

Nomi denies the allegations in Paragraph 2.

**COMPLAINT ¶3:**

Plaintiff was a non-exempt employee of the Defendants.

**ANSWER:**

Nomi denies the allegations in Paragraph 3.

**COMPLAINT ¶4:**

Plaintiff consents to participate in this lawsuit.

**ANSWER:**

Nomi is without personal knowledge sufficient to admit or deny the allegations in

Paragraph 4, and therefore denies the same.

**COMPLAINT ¶5:**

Defendant, NoMi [sic] Health, Inc. ("Nomi"), is a foreign for-profit corporation authorized to conduct its business in Florida and is sui juris. Nomi conducted its healthcare testing and treatment business in numerous locations, including in this District, at all times material.

**ANSWER:**

Nomi admits that it is a foreign for-profit corporation authorized to conduct business in

Florida. Nomi states that the phrase "at all times material" is vague, ambiguous, and unintelligible,

and denies the second sentence of Paragraph 5 for that reason. Nomi denies any remaining

allegations in Paragraph 5.

**COMPLAINT ¶6:**

Defendant, SBP Staffing and Recruiting LLC ("SBP Staffing"), is a Florida limited liability company authorized to conduct its business in Florida and is sui juris. Defendant has conducted its medical staffing service business in this District, at all times material.

**ANSWER:**

Nomi states that the phrase "at all times material" is vague, ambiguous, and unintelligible, and denies the second sentence of Paragraph 6 for that reason. Nomi states that it is without personal knowledge sufficient to admit or deny the remaining allegations in Paragraph 6, and therefore denies the same.

**COMPLAINT ¶7:**

Defendant, SB Port Ventures LLC ("SBP"), is a Florida limited liability company authorized to conduct its business in Florida and is sui juris. Defendant has conducted its medical staffing service business in this District, at all times material.

**ANSWER:**

Nomi states that the phrase "at all times material" is vague, ambiguous, and unintelligible, and denies the second sentence of Paragraph 7 for that reason. Nomi states that it is without personal knowledge sufficient to admit or deny the remaining allegations in Paragraph 7, and therefore denies the same.

**COMPLAINT ¶8:**

Defendant, Trixie Belo-Osagie, was at all times material an owner/officer/director/manager of SBP Stafing [sic] and SBP, for the time period relevant to this lawsuit. She ran their day-to-day operations, directly/indirectly supervised Plaintiff, was responsible for all operational decisions, and/or was partially or totally responsible for paying Plaintiff's wages

**ANSWER:**

Nomi states that the phrases "at all times material" and "the time period relevant" are vague, ambiguous, and unintelligible, and denies the first sentence of Paragraph 8 for that reason. Nomi states that it is without personal knowledge sufficient to admit or deny the remaining allegations in Paragraph 8, and therefore denies the same.

**COMPLAINT ¶9:**

Defendants were Plaintiff's employers, as the term "employer" is defined by 29 U.S.C. § 203(d).

**ANSWER:**

Nomi denies the allegations in Paragraph 9.

**COMPLAINT ¶10:**

Defendants, Nomi, SBP Staffing, SBP, and Ms. Belo-Osagi [sic], would conduct and/or coordinate the training sessions that Plaintiff was required to attend.

**ANSWER:**

Nomi denies the allegations in Paragraph 10.

**COMPLAINT ¶11:**

Defendants, Nomi, SBP Staffing, SBP, and Ms. Belo-Osagi [sic], would conduct and/or coordinate schedules Plaintiff was required to work by instructing her on when and where to work and the job duties they expected her to perform.

**ANSWER:**

Nomi denies the allegations in Paragraph 11.

**COMPLAINT ¶12:**

Defendants, SBP Staffing and SBP, issued payments for the [sic] Plaintiff performed.

**ANSWER:**

Nomi states that Paragraph 12 is vague, ambiguous, and unintelligible as stated, and thus

denies Paragraph 12 for that reason.

**COMPLAINT ¶13:**

Defendants, Nomi, SBP Staffing, SBP, and Ms. Belo-Osagi [sic], established the policies and procedures that Plaintiff was to follow in her work.

**ANSWER:**

Nomi denies the allegations in Paragraph 13.

**COMPLAINT ¶14:**

Defendants jointly employed Plaintiff within the meaning of 29 C.F.R. § 791.2, as they shared a common workforce with a common purpose and utilized a unified nucleus of control and are therefore jointly and severally liable for all overtime wages, liquidated damages, attorneys' fees, and costs awarded to Plaintiff

**ANSWER:**

Nomi denies the allegations in Paragraph 14.

**COMPLAINT ¶15:**

Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(ii) because Defendants transact business in this District, employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

**ANSWER:**

Nomi states that Paragraph 15 constitutes a legal conclusion, to which no response is

required, and therefore denies the same.

**COMPLAINT ¶16:**

This Court has original jurisdiction over Plaintiff's federal question claim under 28 U.S.C. § 1331 and 26 U.S.C. § 201, et seq.

**ANSWER:**

Nomi states that Paragraph 16 constitutes a legal conclusion, to which no response is

required, and therefore denies the same.

### FLSA Jurisdictional Allegations

**COMPLAINT ¶17:**

Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

**ANSWER:**

Nomi states that the phrase "for the relevant time" is vague, ambiguous, and unintelligible,

and denies Paragraph 17 to that extent. Nomi denies the remaining allegations in Paragraph 17.

**COMPLAINT ¶18:**

Defendant, Nomi, engaged in interstate commerce by contracting to provide COVID testing and vaccination services for locations in different states, including in Florida.

**ANSWER:**

Nomi states that Paragraph 18 constitutes a legal conclusion, to which no response is required, and therefore denies the same.

**COMPLAINT ¶19:**

Furthermore, Defendants engaged in interstate commerce through their regular and routine submission of billings and receipt of payment involving out-of-state medical payors, out-of-state insurers, and/or the United States government.

**ANSWER:**

Nomi denies the allegations in Paragraph 19.

**COMPLAINT ¶20:**

Defendants utilized computers, telephones, phone systems, syringes, swabs, vaccines, testing kits, computers, computer networking equipment, software, vehicles, paper, printer and copier toner, and other materials and supplies to engage in interstate commerce.

**ANSWER:**

Nomi denies the allegations in Paragraph 20.

**COMPLAINT ¶21:**

Defendants' annual gross revenues from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or exceed $125,000 for each fiscal quarter.

**ANSWER:**

Nomi states that the phrases "the relevant time" and "this interstate commerce" are vague, ambiguous, and unintelligible, and denies the corresponding portions of Paragraph 21 for that reason. Nomi is without information sufficient to admit or deny what Plaintiff "believe[s]," and therefore denies any remaining allegations in Paragraph 21.

**Factual Allegations**

**COMPLAINT ¶22:**

Defendants provided COVID-19 testing and vaccination at various sites throughout Florida using a workforce comprised almost entirely of independent contractors on which they relied to

carry out the duties they contractually obligated themselves to undertake in Florida for various state, municipal, and local governmental entities.

**ANSWER:**

Nomi denies the allegations in Paragraph 22.

**COMPLAINT ¶23:**

Plaintiff worked for the Defendants from approximately August 21, 2021 to February 13, 2022.

**ANSWER:**

Nomi denies the allegations in Paragraph 23.

**COMPLAINT ¶24:**

Defendants paid Plaintiff $45 for each hour that she worked.

**ANSWER:**

Nomi denies the allegations in Paragraph 24.

**COMPLAINT ¶25:**

To the extent that records exist regarding the exact dates of her employment exist [sic], those records are in the exclusive custody of the Defendants.

**ANSWER:**

Nomi denies the allegations in Paragraph 25.

**COMPLAINT ¶26:**

Plaintiff's work for Defendants was in, or so closely related to, the movement of commerce that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

**ANSWER:**

Nomi denies the allegations in Paragraph 26.

**COMPLAINT ¶27:**

Plaintiff is a Registered Nurse ("RN") who worked for the Defendants as an "RN" at various locations in this District.

**ANSWER:**

Nomi states that it is without information sufficient to admit or deny whether Plaintiff is currently a Registered Nurse. Nomi denies the remaining allegations in Paragraph 27.

**COMPLAINT ¶28:**

Plaintiff worked under the direct supervision of others employed by the Defendants, who provided her with a schedule and told her where to go, what to do, and how to do it.

**ANSWER:**

Nomi states that the term "others" and the phrase "told her where to go, what to do, and how to do it" are vague, ambiguous, and unintelligible, and denies the corresponding portion of Paragraph 28 to that extent. Nomi denies any remaining allegations in Paragraph 28.

**COMPLAINT ¶29:**

Plaintiff utilized the testing materials, vaccines, syringes, swabs, materials, and supplies provided to her by the Defendants at the locations, dates, and times designed by Defendants to perform the work that Defendants instructed her to perform and which they supervised and directed her to perform.

**ANSWER:**

Nomi denies the allegations in Paragraph 29.

**COMPLAINT ¶30:**

Plaintiff also provided medical/nursing care to the patients of Defendant, Nomi Health, Inc., who would register with it and request services from it.

**ANSWER:**

Nomi denies the allegations in Paragraph 30.

**COMPLAINT ¶31:**

All conditions precedent were satisfied by Plaintiff and/or waived by Defendants.

**ANSWER:**

Nomi states that Paragraph 31 is vague, ambiguous, and unintelligible, insofar as it fails to specify the "conditions precedent" referenced, and therefore Nomi denies the same. Nomi further expressly denies that it has waived any condition precedent.

**COMPLAINT ¶32:**

Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**ANSWER:**

Nomi is without information sufficient to admit or deny the allegations in Paragraph 32, and therefore denies the same.

**Liability Allegations**

**COMPLAINT ¶33:**

Defendants assigned Plaintiff the work she was to perform, including where, when, and the hours she was to perform the work.

**ANSWER:**

Nomi denies the allegation in Paragraph 33.

**COMPLAINT ¶34:**

Defendants provided Plaintiff with the patients for whom she was to provide services.

**ANSWER:**

Nomi denies the allegation in Paragraph 34.

**COMPLAINT ¶35:**

If Plaintiff was running late, she was required to inform the "site lead" who worked for the Defendants.

**ANSWER:**

Nomi denies the allegations in Paragraph 35.

**COMPLAINT ¶36:**

Defendants required Plaintiff to attend training sessions, identifying where and when she was to attend them, and provided the information and materials on which they would train her.

**ANSWER:**

Nomi denies the allegations in Paragraph 36.

**COMPLAINT ¶37:**

Defendants required Plaintiff to log in and out of work through online time-tracking applications.

**ANSWER:**

Nomi denies the allegations in Paragraph 37.

**COMPLAINT ¶38:**

Plaintiff regularly and routinely worked more than 40 hours per week to perform services for and at the direction of Defendants.

**ANSWER:**

Nomi denies the allegations in Paragraph 38.

**COMPLAINT ¶39:**

Plaintiff estimated that she worked 364.76 hours, for which she is owed $8,207.10 in unpaid overtime wages (*See* Exhibit "A.")

**ANSWER:**

Nomi is without personal information sufficient to admit or deny what Plaintiff personally "estimate[s]," and thus denies Paragraph 39 for that reason. Nomi further expressly denies that it "owe[s]" Plaintiff any "overtime wages."

## COUNT I - FLSA OVERTIME VIOLATION
### (AGAINST NOMI HEALTH, INC.)

**UNNUMBERED PARAGRAPH:**

Plaintiff, Mayelin Placeres, reincorporates and realleges all preceding paragraphs as though set for fully herein and further alleges as follows:

**ANSWER:**

Nomi incorporates its responses to the preceding paragraphs.

**COMPLAINT ¶40:**

Defendant, Nomi, failed and refused to pay Plaintiff an overtime rate of one and one-half times her regular hourly rate for all the overtime hours she worked beyond 40 hours in a workweek as a non-exempt hourly employee in violation of the FLSA.

**ANSWER:**

Nomi admits that it did not personally pay an overtime rate directly to Plaintiff. Nomi, however, expressly denies that Plaintiff was its employee or that Nomi had any obligation to pay Plaintiff any sums. Nomi denies all remaining allegations in Paragraph 40.

**COMPLAINT ¶41:**

Defendant, Nomi engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and its other employed registered nurses overtime wages of one and one-half times their regular hourly rate(s) of pay for the overtime hours worked as non-exempt hourly employees during the past three years.

**ANSWER:**

Nomi denies the allegations in Paragraph 41.

**COMPLAINT ¶42:**

Defendant, Nomi, was not only previously sued in federal court for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA, it also has been sued in arbitration by over 75 other former employees. Yet, it still failed to pay Plaintiff overtime wages.

**ANSWER:**

Nomi denies the allegations in Paragraph 42.

**COMPLAINT ¶43:**

Defendant Nomi either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff overtime wages of one and one-half times her regular hourly rate(s) of pay as a non-exempt hourly employee violated the FLSA and then failed to correct its violations timely.

**ANSWER:**

Nomi denies the allegations in Paragraph 43.

**COMPLAINT ¶44:**

Plaintiff is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as a non-exempt hourly employee, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

**ANSWER:**

Nomi denies the allegations in Paragraph 44.

**COUNT II - FLSA OVERTIME VIOLATION**
**(AGAINST SBP STAFFING AND RECRUITING LLC)**

**UNNUMBERED PARAGRAPH:**

Plaintiff, Mayelin Placeres, reincorporates and realleges paragraphs 1 through 39 as though set for fully herein and further alleges as follows:

**ANSWER:**

Nomi incorporates its responses to Paragraphs 1 through 39.

**COMPLAINT ¶45:**

Defendant, SBP Staffing, failed and refused to pay Plaintiff an overtime rate of one and one-half times her regular hourly rate for all the overtime hours he [sic] worked beyond 40 hours in a workweek as a non-exempt hourly employee in violation of the FLSA.

**ANSWER:**

Nomi states that Paragraph 45 (and Count II) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶46:**

Defendant, SBP Staffing engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and its other employed registered nurses overtime wages of one and one-half times her regular hourly rate(s) of pay for the overtime hours he [sic] worked as a non-exempt hourly employee during the past three years.

**ANSWER:**

Nomi states that Paragraph 46 (and Count II) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶47:**

Defendant, SBP Staffing, was sued previously for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA. Yet, it still failed to pay Plaintiff overtime wages.

**ANSWER:**

Nomi states that Paragraph 47 (and Count II) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶48:**

Defendant SBP Staffing either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff overtime wages of one and one-half times her regular hourly rate(s) of pay as a non-exempt hourly employee violated the FLSA and then failed to correct its violations timely.

**ANSWER:**

Nomi states that Paragraph 48 (and Count II) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶49:**

Plaintiff is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as a non-exempt hourly employee, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

**ANSWER:**

Nomi states that Paragraph 49 (and Count II) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COUNT III - FLSA OVERTIME VIOLATION**
**(AGAINST SB PORT VENTURES LLC)**

**UNNUMBERED PARAGRAPH:**

Plaintiff, Mayelin Placeres, reincorporates and realleges paragraphs 1 through 39 as though set for fully herein and further alleges as follows:

**ANSWER:**

Nomi incorporates its responses to Paragraphs 1 through 39.

**COMPLAINT ¶50:**

Defendant, SBP, failed and refused to pay Plaintiff an overtime rate of one and one-half times her regular hourly rate for all the overtime hours he [sic] worked beyond 40 hours in a workweek as a non-exempt hourly employee in violation of the FLSA.

**ANSWER:**

Nomi states that Paragraph 50 (and Count III) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶51:**

Defendant, SBP engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and its other employed registered nurses overtime wages of one and one-half times her regular hourly rate(s) of pay for the overtime hours he [sic] worked as a non-exempt hourly employee during the past three years.

**ANSWER:**

Nomi states that Paragraph 51 (and Count III) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶52:**

Defendant, SBP, was sued previously for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA. Yet, it still failed to pay Plaintiff overtime wages.

**ANSWER:**

Nomi states that Paragraph 52 (and Count III) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶53:**

Defendant, SBP either knew from prior experience or recklessly failed to investigate whether its failure to pay Plaintiff overtime wages of one and one-half times her regular hourly rate(s) of pay as a non-exempt hourly employee violated the FLSA and then failed to correct its violations timely.

**ANSWER:**

Nomi states that Paragraph 53 (and Count III) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶54:**

Plaintiff is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as a non-exempt hourly employee, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

**ANSWER:**

Nomi states that Paragraph 54 (and Count III) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

## COUNT IV - FLSA OVERTIME VIOLATION
### (AGAINST TRIXIE BELO-OSAGIE)

**UNNUMBERED PARAGRAPH:**

Plaintiff, Mayelin Placeres, reincorporates and realleges paragraphs 1 through 39 as though set for fully herein and further alleges as follows:

**ANSWER:**

Nomi incorporates its responses to Paragraphs 1 through 39.

**COMPLAINT ¶55:**

Defendant, Ms. Belo-Osagi [sic], failed and refused to pay Plaintiff an overtime rate of one and one-half times her regular hourly rate for all the overtime hours he [sic] worked beyond 40 hours in a workweek as a non-exempt hourly employee in violation of the FLSA.

**ANSWER:**

Nomi states that Paragraph 55 (and Count IV) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶56:**

Defendant, Ms. Belo-Osagi [sic] engaged in a pattern and practice of willfully and intentionally refusing to pay Plaintiff and her other employed registered nurses overtime wages of one and one-half times her regular hourly rate(s) of pay for the overtime hours he [sic] worked as a non-exempt hourly employee during the past three years.

**ANSWER:**

Nomi states that Paragraph 56 (and Count IV) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶57:**

Defendant, Ms. Belo-Osagi [sic], was sued previously for failing to pay its employees (misclassified as independent contractors) overtime and failing to correct its violation(s) of the FLSA. Yet, she still failed to pay Plaintiff overtime wages.

**ANSWER:**

Nomi states that Paragraph 57 (and Count IV) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶58:**

Defendant Ms. Belo-Osagi [sic] either knew from prior experience or recklessly failed to investigate whether her failure to pay Plaintiff overtime wages of one and one-half times her regular hourly rate(s) of pay as a non-exempt hourly employee violated the FLSA and then failed to correct her violations of the FLSA timely.

**ANSWER:**

Nomi states that Paragraph 58 (and Count IV) is directed at a Defendant other than Nomi,

and because no response is thus required from Nomi, Nomi denies the same.

**COMPLAINT ¶59:**

Plaintiff is entitled to a back pay award of overtime wages for all hours worked beyond 40 hours in a workweek as a non-exempt hourly employee, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

**ANSWER:**

Nomi states that Paragraph 59 (and Count IV) is directed at a Defendant other than Nomi, and because no response is thus required from Nomi, Nomi denies the same.

## PRAYER FOR RELIEF
### (ALL COUNTS)

WHEREFORE Plaintiff, Mayelin Placeres, demands the entry of a judgment in her favor and against Defendants, NoMi [sic] Health, Inc., SBP Staffing and Recruiting LLC, SB Port Ventures LLC, and Trixie Belo-Osagi [sic], on all counts, jointly and severally after trial by jury, and as follows:

a.   That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.   That Plaintiff recover pre judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c.   That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.   That Plaintiff recover all interest allowed by law;

e.   That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.   That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.   Such other and further relief as the Court deems just and proper.

**ANSWER:**

Nomi denies any allegations in Plaintiff's Prayer for Relief, and denies that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Plaintiff, Mayelin Placeres, demands a trial by jury of all issues so triable.

**ANSWER:**

Nomi denies that Plaintiff has a right to a jury trial on the claims alleged.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

In further answer to Plaintiff's Complaint, Nomi asserts the following additional defenses. In asserting these defenses, Nomi does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### **FIRST DEFENSE**

Plaintiff fails to state a claim upon which relief may be granted.

### **SECOND DEFENSE**

Plaintiff's claims fail as a matter of law because Nomi did not employ her, either directly or jointly, in whole or in part, with respect to the claims asserted in the Complaint.

### **THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent they may fall outside of the applicable statutes of limitations.

### **FOURTH DEFENSE**

In the alternative, if necessary, Plaintiff's claims and requests for relief are barred to the extent Nomi's and any other Defendant's actions with respect to Plaintiff were taken in good faith conformity with and in reliance on one or more administrative regulations, orders, rulings, approvals, interpretations, and/or administrative practices or policies pursuant to 29 U.S.C. § 259.

### **FIFTH DEFENSE**

Nomi's actions with respect to Plaintiff were taken in good faith with reasonable grounds to believe such conduct comported with the law. Plaintiff is therefore not entitled to liquidated damages.

### SIXTH DEFENSE

In the alternative, if necessary, Plaintiff received full payment for all work performed, thereby barring her claims; alternatively, Nomi is entitled to an offset of any amount of relief claimed by Plaintiff based on compensation previously paid by any Defendant (or any other entity) for any hours when she was not performing work, for any overpayment, for premiums paid, for any other compensation she would not have received if her allegations are proven to be true, for any settlement payments that may in the future be made by any other Defendant (or other individual or entity) to Plaintiff, or on any other basis for such offset.

### SEVENTH DEFENSE

In the alternative, if necessary, the claims of Plaintiff are barred to the extent the allegedly uncompensated time is *de minimis*.

### EIGHTH DEFENSE

In the alternative, if necessary, if it has failed to pay individuals for any of the activities alleged, the claims of Plaintiff are barred to the extent such activities do not constitute compensable work under the FLSA.

### NINTH DEFENSE

In the alternative, if necessary, the claims of Plaintiff are barred, in whole or in part, to the extent the time at issue represents preliminary or postliminary time under the Portal-to-Portal Act, 29 U.S.C. § 251(a), and is, therefore, not compensable.

### TENTH DEFENSE

To the extent Plaintiff was paid for hours worked in excess of 40 hours in a week, her overtime claims are barred and Nomi is entitled to a credit relating to the same.

## ELEVENTH DEFENSE

The claims of Claimant are barred by the doctrine of judicial estoppel to the extent that Claimant's claims were not properly disclosed during a bankruptcy proceeding.

## TWELFTH DEFENSE

To the extent Claimant failed to properly disclose any claim in a bankruptcy proceeding, Claimant lacks standing to pursue such claim.

## PRAYER

Nomi prays that Plaintiff's Complaint be dismissed; that Nomi be awarded its costs in this matter, including, but not limited to, reasonable attorneys' fees as permitted by law; and that Nomi be granted such other and further relief to which it may be entitled.

Respectfully submitted this 5th day of December 2023,

*/s/ Andrew M. McKinley*
Andrew M. McKinley
Florida Bar No. 122069
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia  30309-3958
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056
amckinley@seyfarth.com

*Attorney for Defendant Nomi Health, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 5, 2023, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Andrew M. McKinley*
Andrew M. McKinley