UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 1:23-cv-23843-rka**

MAYELIN PLACERES,

    Plaintiff,

v.

NOMI HEALTH, INC., SBP STAFFING
AND RECRUITING LLC, SB PORT
VENTURES LLC and TRIXIE BELO-
OSAGIE,

    Defendants.
_____/

**DEFENDANT TRIXIE BELO-OSAGIE'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Defendant, Trixie Belo-Osagie ("Defendant Belo-Osagie"), by and through her undersigned counsel, hereby files her Answer and Defenses to Plaintiff, Mayelin Placeres's ("Plaintiff") Complaint for FLSA Overtime Wage Violation(s), and states as follows:

**RESPONSE TO "PARTIES, JURISDICTION, AND VENUE"**

1. Defendant Belo-Osagie lacks sufficient knowledge or information to admit or deny the allegation that Plaintiff was and is at all material times a *sui juris* resident of Miami-Dade County, Florida, and therefore denies the same.

2. Denied.

3. Denied.

4. Defendant Belo-Osagie lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

5. Defendant Belo-Osagie lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph, and therefore denies the same.

6. The allegations in this Paragraph do not appear to require a response from Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

7. The allegations in this Paragraph do not appear to require a response from Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

8. Denied.

9. Defendant Belo-Osagie neither admits nor denies the allegation that all "Defendants were Plaintiff's employer," as it calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

10. Denied.

11. Denied.

12. SBP and SB Port admit only that, to the extent Plaintiff performed any work for either of them, they each individually paid Plaintiff for any such work. Defendant Belo-Osagie denies the remaining allegations contained in this Paragraph.

13. Denied.

14. Defendant Belo-Osagie neither admits nor denies the allegation that all Defendants jointly employed Plaintiff within the meaning of 29 C.F.R §791.2, as it calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

15. Defendant Belo-Osagie neither admits nor denies the allegation that venue is proper with this Court, as it calls for a legal conclusion to which no response is required. To the extent

a response a required, Defendant Belo-Osagie admits only that the U.S. District Court for the Southern District of Florida, Miami Division is the proper venue for Plaintiff's claims. Defendant Belo-Osagie denies the remaining allegations contained in this Paragraph.

16. Defendant Belo-Osagie neither admits nor denies the allegation that this Court has original jurisdiction over Plaintiff's federal question claim under 28 U.S.C. §1331 and 26 U.S.C. §201, et seq., as it calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie admits that this Court has original jurisdiction over Plaintiff's federal question claims. Defendant Belo-Osagie denies the remaining allegations contained in this Paragraph.

### RESPONSE TO "FLSA JURISDICTION ALLEGATIONS"

17. Defendant Belo-Osagie neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

18. Defendant Belo-Osagie neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

19. Defendant Belo-Osagie neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

20. Defendant Belo-Osagie neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required. To the extent

a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

21. Defendant Belo-Osagie neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

## RESPONSE TO "FACTUAL ALLEGATIONS"

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Defendant Belo-Osagie neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

27. Defendant Belo-Osagie lacks sufficient knowledge or information to admit or deny the allegation that Plaintiff is currently a Registered Nurse, and therefore denies the same. Defendant Belo-Osagie denies the remaining allegations contained in this Paragraph.

28. Denied.

29. Denied.

30. Defendant Belo-Osagie lacks sufficient knowledge or information to admit or deny the allegation that Plaintiff retained counsel and agreed to pay a reasonable fee for all services rendered, and therefore denies the same.

31. Defendant Belo-Osagie neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

32. Defendant Belo-Osagie neither admits nor denies the allegations contained in this Paragraph, as they call for a legal conclusion to which no response is required. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

## RESPONSE TO "LIABILITY ALLEGATIONS"

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## RESPONSE TO "COUNT I- FLSA OVERTIME VIOLATION (AGAINST NOMI HEALTH, INC.)"

Defendant Belo-Osagie re-alleges and incorporate by reference all of her responses to the preceeding paragraphs as if fully set forth herein.

40. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

5

41. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

42. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

43. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

44. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

### RESPONSE TO "COUNT II- FLSA OVERTIME VIOLATION (AGAINST SBP STAFFING AND RECRUITING LLC)"

Defendant Belo-Osagie re-alleges and incorporate by reference all of her responses to Paragraphs 1 through 39 as if fully set forth herein.

45. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

46. Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

47.     Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

48.     Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

49.     Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

### **RESPONSE TO "COUNT III- FLSA OVERTIME VIOLATION (AGAINST SB PORT VENTURES LLC)"**

Defendant Belo-Osagie re-alleges and incorporate by reference all of her responses to Paragraphs 1 through 39 as if fully set forth herein.

50.     Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

51.     Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

52.     Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

53.     Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

54.     Defendant Belo-Osagie does not answer the allegations contained in this Paragraph, as the allegations are not directed against Defendant Belo-Osagie. To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

### RESPONSE TO "COUNT IV- FLSA OVERTIME VIOLATION (AGAINST TRIXIE BELO-OSAGIE)"

Defendant Belo-Osagie re-alleges and incorporate by reference all of her responses to Paragraphs 1 through 39 as if fully set forth herein.

55.     Denied.

56.     Denied.

57.     The allegations in this Paragraph should be stricken from Plaintiff's Complaint for being "immaterial, impertinent, or scandalous." To the extent a response is required, Defendant Belo-Osagie denies the allegations contained in this Paragraph.

58.     Denied.

59.     Denied.

### RESPONSE TO "PRAYER FOR RELIEF (ALL COUNTS)"

Defendant Belo-Osagie does not believe that a response is required for the unnumbered "WHEREFORE" paragraph, or subparagraphs (a) through (k), following Paragraph 72. However, to the extent a response is required, Defendant Belo-Osagie denies that there is any proper basis or cause of action to be brought before this Court and denies that Plaintiff is entitled to any relief from Defendant Belo-Osagie.

## RESPONSE TO "DEMAND FOR JURY TRIAL"

Defendant Belo-Osagie does not believe that the unnumbered demand for a jury trial requires a response, but admits that Plaintiff demands a jury trial on all issues so triable in Plaintiff's Amended Complaint. However, Defendant Belo-Osagie denies any liability or wrongdoing, and denies that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendant Belo-Osagie specifically denies each and every allegation of fact, conclusion of law or other matter contained in Plaintiff's Amended Complaint that she has not specifically admitted to in this pleading. Below, Defendant Belo-Osagie asserts defenses to which she does not concede that she bears either a burden of proof or persuasion, and state as follows:

## STATEMENT OF DEFENSES

### FIRST DEFENSE

Plaintiff's claims may, in whole or in part, be barred by the applicable Statute of Limitations.

### SECOND DEFENSE

Plaintiff's claims for lost wages and other employment benefits must be reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff. Plaintiff's damages, if any, have been paid in whole or in part by collateral sources, which eliminate or reduce the damages that can be recovered from Defendant Belo-Osagie.

**THIRD DEFENSE**

Plaintiff's claims for damages are barred or limited to the extent Plaintiff seeks recovery of an amount greater than that which is permissible under Federal law, and all such claims are subject to the limitations of appropriate statutory caps or limits existing at law.

**FOURTH DEFENSE**

Plaintiff's claims are be barred by the doctrines of estoppel, waiver, unclean hands and/or laches. Plaintiff failed to provide any notice to Defendant Belo-Osagie regarding her belief that she violated the FLSA during her engagement and is therefore estopped from asserting a position contrary to that in this case.

**FIFTH DEFENSE**

Plaintiff was at all times material hereto properly paid all of her legally-entitled wages.

**SIXTH DEFENSE**

To the extent that Plaintiff seeks an award of liquidated damages, such damages are unavailable under applicable law and/or are barred based on Defendant Belo-Osagie's good faith efforts to comply with the law.

**SEVENTH DEFENSE**

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the FLSA which may have occurred were not "willful" within the meaning of the statute.

**EIGHTH DEFENSE**

Any claim for minimum wage and/or overtime liability and liquidated damages is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 259, as Defendant Belo-Osagie was at all times acting in good faith in conformity with and in reliance on written administrative

regulations, orders, rulings, and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor and/or the relevant state departments of labor or their equivalent agencies.

### NINTH DEFENSE

Any claim for liquidated damages under the FLSA, as amended, 29 U.S.C. § 216, is barred under the Portal-to-Portal Act of 1947, as amended 29 U.S.C. § 260, as Defendant Belo-Osagie was at all times acting in good faith and had reasonable grounds for believing that its actions were not in violation of the FLSA.

### TENTH DEFENSE

If the facts reveal that Plaintiff was engaged in efforts to alter her own time or pay records, or in any other way violated the established policies of Defendant Belo-Osagie with regard to employment practices, Plaintiff should be estopped from recovering on her claim.

### ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent Plaintiff seeks compensation in this action for time other than compensable working time.

### TWELFTH DEFENSE

Plaintiff's claim is barred, at least in part, for any work performed by Plaintiff getting to and from the actual place of performance of her job duties, and for any other activities preliminary and postliminary to her principle duties. Such claims are bared to the extent Plaintiff has included the same in her calculation of damages.

### THIRTEENTH DEFENSE

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant Belo-Osagie, any recovery Plaintiff may be entitled to as a result of this action must be offset or reduced by any overpayments made by any Defendant to Plaintiff and/or

by the value of any amounts of compensation and benefits that Plaintiff would not have otherwise received.

## **RESERVATION**

Defendant Belo-Osagie will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserve the right to amend this Answer to state such other defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

Defendant Belo-Osagie is entitled to recover its court costs and attorneys' fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or fact.

WHEREFORE, premises considered, Defendant Belo-Osagie prays that this Court, upon hearing hereof, enter judgment as follows:

1. Ordering that Plaintiff take nothing by this action;

2. Dismissing Plaintiff's Amended Complaint and any claim therein in its entirety with prejudice;

3. Ordering that judgment be entered in Defendant Belo-Osagie's favor;

4. Awarding Defendant Belo-Osagie her attorneys' fees against Plaintiff pursuant to law;

5. Awarding costs to Defendant Belo-Osagie; and

6. Awarding Defendant Belo-Osagie such other relief, both at law and in equity, to which she may show herself to be justly entitled.

Respectfully submitted this 5th of December 2023.

                                              **GRAY ROBINSON, P.A.**
333 SE 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

By: */s/ Fabian A. Ruiz*
Marlene Quintana, B.C.S.
Florida Bar No. 88358
marlene.quintana@gray-robinson.com
Fabian A. Ruiz
Florida Bar No. 117928
fabian.ruiz@gray-robinson.com
*Counsel for Defendants SBP Staffing and Recruiting, LLC, SB Port Ventures LLC and Trixie Belo-Osagie*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Fabian A. Ruiz*
*Counsel for Defendants*
*SBP Staffing and Recruiting, LLC*
*SB Port Ventures LLC and*
*Trixie Belo-Osagie*

#52309707 v1