UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:23-CV-23843-REID

MAYELIN PLACERES,

      Plaintiff,

vs.

NOMI HEALTH, INC., SBP
STAFFING AND RECRUITING
LLC, SB PORT VENTURES LLC,
and TRIXIE BELO-OSAGIE,

      Defendants.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND DISMISSAL WITH PREJUDICE

Plaintiff Mayelin Placeres and Defendants Nomi Health, Inc., SB Port Ventures LLC, SBP Staffing and Recruiting LLC, hereby file this Joint Motion to Approve Settlement and Dismissal with Prejudice, and state as follows:

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's Amended Complaint asserts claims against Defendants for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). The Parties reached a settlement agreement with no admission of liability (the "Settlement Agreement"), and the parties have requested to submit a copy of it to the Court *in camera*. The Parties respectfully request that the Court review and approve the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

The payment to Plaintiff representing unliquidated and unliquidated damages, as well as the independent consideration for the non-wage provisions, are set forth in the Settlement Agreement. Plaintiff's counsel will receive the attorney's fees and costs identified in the Settlement

Agreement, which amount represents a compromise of the attorney's fees and costs incurred and that were negotiated separately from the amounts to be paid to Plaintiff.

## MEMORANDUM OF LAW

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977), Courts are to consider the following factors

(1)     the existence of fraud or collusion behind the settlement;
(2)     the complexity, expense, and likely duration of the litigation;
(3)     the stage of the proceedings and the amount of discovery completed;
(4)     the probability of the plaintiffs' success on the merits;
(5)     the range of possible recovery; and
(6)     the opinions of counsel.

*Morgan v. Public Storage*, 301 F.Supp.3d 1237 (11th Cir. 2016).

**(1)     *There Was No Fraud or Collusion.***

In this case, there was no fraud or collusion, as all of the Parties were represented by counsel experienced in FLSA claims.

**(2)     *The Complexity, Expense, and Length of Litigation Support Early Resolution.***

The complexity, expense, and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would require all Parties to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and likely exceed any damages Plaintiff could hope to recover in this action. The cost of litigation is likely to be exacerbated by the fact that Plaintiff has sued multiple Defendants, which are represented by separate counsel. The proposed settlement minimizes such costs, preserving the Court's and each Party's resources.

        **(3)**     ***The Parties Resolved this Case at the Appropriate Stage.***

Before resolving this case, the Parties exchanged sufficient information that enabled them to consult with their counsel and make a decision about whether to continue litigating or to resolve this case. The Parties exchanged time and pay records, which they independently analyzed. Based on this analysis, and evaluating their respective positions and the costs associated with continued litigation, the Parties decided to resolve this matter.

        **(4)**     ***The Probability of Success on the Merits Supports Settlement.***

The parties disagree about the merits of Plaintiff's claim(s) and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. Among the issues disputed are whether Plaintiff was properly classified as an independent contractor, whether Plaintiff could establish that Nomi was his joint employer, and whether the Defendants are able to establish a good-faith defense to liquidated damages, and other matters. Accordingly, Plaintiff's probability of success on the merits and the uncertainty that he would personally receive any amount—let alone an amount greater than what the settlement provides—further supports the validity, reasonableness, and fairness of the settlement at issue.

        **(5)**     ***The Range of Possible Recovery Supports Approval.***

The Parties' settlement takes into account the validity of Plaintiff's claims, the defenses thereto, and the length of time it would take for Plaintiff to actually recover a final judgment against Defendants.

**(6)** ***Counsel Agree That The Settlement Is Fair.***

Considering the facts of this case, including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved the Parties agree that the proposed settlement reached by the Parties and reflected in their written Settlement Agreement represents a fair and reasonable resolution of Plaintiff's claim. Plaintiff further submits that the attorney's fees to be paid under the agreement are fair, which Defendants do not contest. Plaintiff's counsel compromised the attorney's fees incurred to resolve this case at this juncture.

## <u>CONCLUSION</u>

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not adversely affected by the attorney's fees paid to counsel, Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA action with prejudice, with each party to bear its own costs, fees and expenses (except as otherwise set forth in the Parties' Settlement Agreement). The Parties further stipulate to the dismissal with prejudice of this action, on the terms set forth in the Court of the Settlement Agreement and upon further condition that the Court retain jurisdiction over this matter for a period of 30 days to enforce the parties' Settlement Agreement.

Dated this 11th day of March 2024.

/s/ Brian H. Pollock
Brian H. Pollock
Florida Bar No. 174742
brian@fairlawattorney.com
**FAIRLAW FIRM**
135 San Lorenzo Avenue Suite 770
Coral Gables, Florida 33146 Telephone:
(305) 230-4884
Fax: (305) 230-4844

*Counsel for Plaintiff*

/s/ Fabian A. Ruiz
Marlene Quintana, B.C.S.
Florida Bar No. 88358
marlene.quintana@gray-robinson.com
Fabian A. Ruiz
Florida Bar No. 117928
fabian.ruiz@gray-robinson.com
**GRAYROBINSON, P.A.**
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

*Counsel for Defendants SBP Staffing and
Recruiting LLC, SB Port Ventures LLC, and Trixie
Belo-Osagie*

/s/ Andrew M. McKinley
Andrew M. McKinley
Florida Bar No. 122069
amckinley@seyfarth.com
1075 Peachtree Street, NE Suite 2500
Atlanta, GA 30309-3962
Telephone: (404) 704-9665
Facsimile: (404) 892-7056

*Counsel for Defendant Nomi Health, Inc.*