UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-CV-23843-REID [*CONSENT CASE*]

MAYELIN PLACERES,

    Plaintiff,

vs.

NOMI HEALTH, INC., SBP
STAFFING AND RECRUITING
LLC, SB PORT VENTURES LLC,
AND TRIXIE BELO-OSAGI,

    Defendants.
_____/

## **PLAINTIFF'S VERIFIED MOTION FOR FINAL JUDGMENT**

Plaintiff, Plaintiff Mayelin Placeres, requests that the Court immediately enter a final judgment in her favor and against Defendants, SB Port Ventures LLC, SBP Staffing and Recruiting LLC, and Trixie Belo-Osagie, based on the following good cause:

### **I. INTRODUCTION**

The parties to this FLSA case signed a "Settlement Agreements and Release of Claims" (hereinafter "Settlement Agreement") requiring Defendants to pay her a total of $30,164.20 and for the settlement payments to be received at the undersigned's office within 20 days after the Court's approval. (Exhibit "A.") The Court approved the Settlement Agreement as fair and reasonable on March 14, 2024 [ECF No. 70], requiring Defendants to deliver the settlement payments to the undersigned by April 3, 2024. The undersigned received one check from Nomi (for $10,164.20) on April 4, 2024, satisfying its payment requirement of the Settlement Agreement. The remaining Defendants failed to timely deliver checks totaling $20,000.00, thereby breaching

1

the Settlement Agreement. Plaintiff provided written notice to the breaching Defendants on April 4, 2024, in the form/manner required by Exhibits "A." Although counsel communicated several times thereafter, the breaching Defendants failed to cure their payment default during the cure period. Paragraph 16 of the Settlement Agreement entitles Plaintiff to the "immediate entry of a judgment against the breaching party [defaulting Defendants] for the amount owed by that party [$20,000 that remains outstanding]," plus "reasonable attorney's fees and costs associated with obtaining that judgment" [of $1,200.00 for the time reasonably expended following their breach].

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

1. The parties negotiated a settlement of this case and then reduced the terms to a written Settlement Agreement, which all parties executed with the appropriate formalities. (Exhibit "A.")

2. Meanwhile, the Plaintiffs and their counsel provided the Defendants with completed and signed IRS Form W-9s, as required by the Settlement Agreement.

3. The parties requested the Court approve the Settlement Agreement [ECF No. 67], and after conducting a fairness hearing, the Court approved it on March 14, 2024. [ECF No. 70].

4. The Court retained jurisdiction to enforce the parties' Settlement Agreement. *Id.*

5. Defendants were required to make payments totaling $30,164.20 within 20 days from the Court's approval (by April 3, 2024).

6. Defendant, Nomi Health, Inc., delivered Check No. 3126 for $10,164.20 to the undersigned by April 4, 2024, satisfying its payment obligation under paragraph 2 of the Settlement Agreement, but the remaining Defendants did not timely deliver any payments/checks.

7. The remaining/breaching Defendants, SB Port Ventures LLC, SBP Staffing and Recruiting LLC, and Trixie Belo-Osagie, did not timely deliver any checks or payments.

8. The Settlement Agreement specified the procedure and consequences for a payment default in paragraph 16:

> **16. *Enforcement*.** If any party defaults in its payment obligations under this Agreement, Plaintiff shall provide the breaching party notice of the default and five (5) days to cure the default. If the breaching party has still not provided the payment at the conclusion of the cure period, Plaintiff shall be entitled to seek from the breaching party (and the breaching party alone): (1) immediate entry of judgment against the breaching party for the amount owed by that party; and (2) reasonable attorneys' fees and costs associated with obtaining that judgment.

(Exhibit "A.")

9. Plaintiff complied with the notice requirements, having notified Defendants, by email to their counsel, of their payment default on April 4, 2024.

10. Counsel for the breaching Defendants responded by email on April 5, 2024, that his clients mailed out the checks and requested the undersigned to advise if they did not arrive.

11. Plaintiff emailed counsel for the breaching Defendants on Monday, April 8, 2024, that the checks did not arrive.

12. Counsel for the breaching Defendants responded the same day by stating that he would confer with his clients and, if necessary, hand deliver the checks by Tuesday, April 9, 2024.

13. On Tuesday, April 9, 2024, Plaintiff emailed counsel for the breaching Defendants that the checks still had not arrived.

14. Counsel for the breaching Defendants responded that day that he would call his clients to see if they could re-issue the checks and deliver them.

15. The undersigned received no further communication from the breaching Defendants nor the checks.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

16. The breaching Defendants committed a material breach of the settlement agreement, received notice, but failed to cure their payment default within the 5 days established by the Settlement Agreement.

17. Plaintiff is entitled to the "immediate entry" of a final judgment on an *ex parte* basis in the total amount of $20,000.00, plus the additional attorney's fees related to enforcement, which is $1,200, for a total judgment amount of $21,200.00.

18. A proposed Final Judgment is being submitted herewith.

### III.  ARGUMENT

Florida law governs the enforcement of settlement agreements. *See Londono v. City of Gainesville*, 768 F.2d 1223, 1227 (11th Cir.1985).

> Settlement agreements are favored as a means to conserve judicial resources. Courts will enforce them when it is possible to do so. *See Long Term Mgmt., Inc. v. Univ. Nursing Ctr., Inc.*, 704 So .2d 669, 673 (Fla. 1st DCA 1997). They are interpreted and governed by the law of contracts. *Williams v. Ingram*, 605 So. 2d 890 (Fla. 1st DCA 1992). The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement. Carroll v. Carroll, 532 So .2d 1109 (Fla. 4th DCA 1988), *rev. denied*, 542 So. 2d 1332 (Fla. 1989). To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element. *Don L. Tullis and Assoc., Inc. v. Benge*, 473 So.2d 1384 (Fla. 1st DCA 1985). Uncertainty as to nonessential terms or small items will not preclude the enforcement of a settlement agreement. A client's express authority given to his attorney to settle a cause of action must be clear and unequivocal. *See Jorgensen v. Grand Union Co.*, 490 So.2d 214 (Fla. 4th DCA 1986). However, "[t]he making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs-not on the parties having meant the same thing but on their having said the same thing." *Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp.*, 302 So. 2d 404, 407 (Fla. 1974)(quoting *Gendzier v. Bielecki*, 97 So. 2d 604, 608 (Fla. 1957)).

*Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295, 297 (Fla. 4th DCA 2002). The Settlement Agreement left nothing in question regarding payment, the timing of payment, or the Plaintiff's entitlement to

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

a final judgment on an *ex parte* basis against the defaulting Defendants upon an uncured default in payment after notice and after the cure period expired. (Exhibit "A" at ¶16.)

There is no dispute that Defendants, SB Port Ventures LLC, SBP Staffing and Recruiting LLC, and Trixie Belo-Osagie, failed to timely deliver the settlement payments/checks, that Plaintiff provided written notice of default to counsel for Defendants, SB Port Ventures LLC, SBP Staffing and Recruiting LLC, and Trixie Belo-Osagie on April 4, 2024, and that they failed to timely make any payment after within the 5-day cure period after receiving written notice of default. Plaintiffs are entitled to a Final Judgment in the outstanding aggregate amount of $20,000.00, plus entitlement to recover their attorneys' fees and costs incurred in connection with the enforcement of the Settlement Agreement ($1,200.00) and obtaining a final judgment thereon.

## IV.  CONCLUSION

WHEREFORE Plaintiff, Mayelin Placeres, requests that the Court enter a final judgment in her favor and against Defendants, SB Port Ventures LLC, SBP Staffing and Recruiting LLC, and Trixie Belo-Osagie, jointly and severally, to award Plaintiff's counsel an additional $1,200 for enforcement (or to determine Plaintiff's counsel is entitled to recover additional attorneys' fees and costs related to enforcement of the Settlement Agreement and to reserve jurisdiction to award Plaintiffs the amount of their additional attorneys' fees and costs), and to reserve jurisdiction to enter such further Orders as are necessary and appropriate for the conclusion of this action.

## RULE 7.1 CERTIFICATION

Although not required for post-judgment proceedings, Counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

faith effort to resolve the issues raised in the motion and represents that he has been unable to obtain a resolution despite his efforts as described above.

## **VERIFICATION**

I have personal knowledge of the facts set forth above and verify under penalty of perjury under the laws of the United States of America that the factual statements contained above are true and correct. 28 U.S.C. §1746.

Dated this 9th day of April 2024.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Ave
Suite 770
Miami, FL 33146
Tel:    305.230.4884
Fax:   305.230.4844
*Counsel for Plaintiff*

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*