DocuSign Envelope ID: B1E660B5-1EAA-4A67-AB60-2B823CBD14C5

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

1. **Parties.** The parties to this Agreement are Mayelin Placeres ("Placeres" or "Plaintiff"), Nomi Health, Inc. ("Nomi"), SBP Staffing & Recruiting LLC ("SBP"), SB Port Ventures, LLC ("SB Port"), and Trixie Belo-Osagie ("Belo-Osagie"), for their own benefits and for the benefits of their respective successors, affiliates, assigns, subsidiaries, and any other person or entity claimed to have acted by, through, under, or in concert with them. Collectively, Nomi, SBP, SB Port, and Belo-Osagie are referred to as "Defendants." Collectively, Placeres and Defendants are referred to as the "Parties."

On October 9, 2023, Placeres filed a lawsuit in the U.S. District Court for the Southern District of Florida, titled *Mayelin Placeres v. Nomi Health, Inc. et al.*, Case No. 1:22-cv-23843 (the "Lawsuit"), which alleged that Defendants had failed to pay her overtime under the Fair Labor Standards Act of 1938 ("FLSA").

Placeres and Defendants are interested in avoiding all further potential legal costs and disputes, and in fully and expeditiously resolving the claims, charges, or issues of law or fact that were or could have been raised by Placeres against Defendants in the Lawsuit, as of the date Placeres signs this Settlement Agreement and Release of Claims (the "Agreement").

2. **Consideration for Release of Claims.** Placeres will be paid a total of Thirty Thousand one One Hundred Sixty-Four Dollars and Twenty Cents ($30,164.20), allocated as follows:

    - SBP, SB Port, and Belo-Osagie shall pay Placeres a total of $6,332.10 as non-employee compensation, in exchange for Placeres's release of any claims for allegedly unpaid amounts, including her claims under the FLSA. SBP's, SB Port's, and Belo-Osagie's receipt of an IRS Form W-9 completed and executed by Placeres is a condition precedent to this payment. SBP, SB Port, and/or Belo-Osagie will issue an IRS Form(s) 1099 to Placeres reflecting this payment.

    - SBP, SB Port, and Belo-Osagie shall pay Placeres a total of $6,332.10 as non-employee compensation, in exchange for Placeres's release of any claims for liquidated damages under the FLSA. SBP's, SB Port's, and Belo-Osagie's receipt of an IRS Form W-9 completed and executed by Placeres is a condition precedent to this payment. SBP, SB Port, and/or Belo-Osagie will issue an IRS Form(s) 1099 to Placeres reflecting this payment.

    - SBP, SB Port, and Belo-Osagie shall pay Placeres $500.00 as non-employee compensation, in exchange for Placeres's agreement to the confidentiality, nondisparagement, covenant not to sue, release of non-wage claims, and other provisions contained in this Agreement. SBP's, SB Port's, and Belo-Osagie's receipt of an IRS Form W-9 completed and executed by Placeres is a condition precedent to this payment. SBP, SB Port, and/or Belo-Osagie will issue an IRS Form(s) 1099 to Placeres reflecting this payment.

    - SBP, SB Port, and Belo-Osagie shall pay FairLaw Firm a total of $6,835.80 for attorneys' fees and costs. SBP, SB Port, and Belo-Osagie's receipt of an IRS form W-9 completed and executed by FairLaw Firm is a condition precedent to this

      payment. SBP, SB Port, and/or Belo-Osagie shall issue appropriate IRS Form(s) 1099 reflecting this payment.

- Nomi shall pay FairLaw Firm a total of $10,164.20 for attorneys' fees and costs. Nomi's receipt of an IRS form W-9 completed and executed by FairLaw Firm is a condition precedent to this payment. Nomi shall issue appropriate IRS Form(s) 1099 reflecting this payment.

Defendants will report the payment(s) above to the IRS as required by law. Placeres acknowledges that she has not relied on any statements or representations by Defendants or their attorneys with respect to the tax treatment of the payments described in this section. If any taxing body determines that the tax treatment was incorrect and that greater amounts should have been withheld from any payment above (or any part thereof), Placeres acknowledges and assumes all responsibility for paying her share of those amounts and further agrees to indemnify and hold Defendants harmless for payment of her share of any additional taxes and any interest and penalties thereon.

All Parties warrant that they are not aware of any attorneys' liens placed on this matter.

Placeres agrees that the payments above are consideration for the promises by Placeres contained herein and that Defendants were not otherwise obligated to make these payments. The Parties further acknowledge that it is Defendants' position that Placeres was not, at any time relevant to the claims asserted in the Lawsuit, an employee of any of the Defendants, and that Defendants' entering into this Agreement does not constitute an admission of liability by any Defendant.

Defendants shall issue the foregoing payments so that they are received at FairLaw Firm, 135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146, within twenty (20) calendar days after all of the following occur: (i) Defendants receive this Agreement executed by Placeres; (ii) the Court approves this Agreement, upon joint motion of the Parties; and (iii) Placeres and her attorney(s) provide any completed tax forms identified above. While the payments shall be provided by the date above, the checks shall not be cashed by Plaintiff and her counsel unless and until the Court dismisses the Lawsuit with prejudice, while retaining jurisdiction for enforcement.

**3.** *Dismissal of the Lawsuit.* Unless the lawsuit is not dismissed by the Court before, within five (5) days after the settlement payments have been received by Placeres's attorney, the parties shall file a signed Joint Stipulation of Dismissal with Prejudice of the Lawsuit, which shall be prepared by Defendants. The parties agree to take any actions necessary to effectuate the dismissal with prejudice, upon the condition that the Court retain jurisdiction for enforcement. Placeres understands and acknowledges that, if any portion of the claims asserted by her in the Lawsuit are not dismissed with prejudice or proceeds in any respect (except if a judgment is sought against a party that has defaulted in its payment obligation, as permitted by the Agreement), this Agreement shall have no force or effect, Placeres shall be entitled to no payments hereunder, and any checks received by Placeres or her counsel under Section 2 above must be voided and returned.

**4.** *Release of Claims.* Placeres releases Defendants, their parents, subsidiaries, affiliates, predecessors, successors, partnerships, investors, joint ventures, vendors, subcontractors, related entities, and all of Defendants' and the foregoing entities' past and present directors, officers, employees, and anyone else acting by, through, for, under, or in concert with any of them

DocuSign Envelope ID: B1E660B5-1EAA-4A67-AB60-2B823CBD14C5

(collectively, the "Releasees") from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that party may have against any or all of the Releasees arising out of her work or employment with any Releasee and/or any other fact, condition, circumstance, or occurrence whatsoever, up to and including the effective date of this Agreement, whether known or unknown, suspected, or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that any Releasee failed to pay any wages or other compensation or benefits including back pay, front pay, bonuses, commissions, equity, expenses, incentives, insurance, paid/unpaid leave/time off, profit sharing, salary, or separation pay/benefits.

The Parties acknowledge that they may later discover facts different from or in addition to those now known to them or believed by them to be true with respect to any or all of the matters covered by this Agreement, and the Parties agree that this Agreement nevertheless shall remain in full and complete force and effect.

**5.   *Release Exclusions.*** The Release of Claims excludes the right to enforce this Agreement as well as any claims that cannot be waived by law. This includes any claim for unemployment or worker's compensation; any right to COBRA benefits or vested retirement benefits; and any existing rights of defense and indemnity or liability insurance coverage.  Nothing in this Agreement limits Placeres's right to file a claim, give information, or participate in an investigation or proceeding with a government agency such as the U.S. Securities and Exchange Commission (SEC), the Equal Employment Opportunity Commission (EEOC), or the Occupational Safety and Health Administration (OSHA) under any law protecting such rights.  Placeres gives up, however, the right to any money or other personal benefit from any Releasee (not a government agency) for any such claim or litigation, whether brought by Placeres or on her behalf, unless prohibited by law.

**6.   *Court Approval.*** The Parties will seek, if permitted by the Court, *in camera* approval of the agreement by emailing it to the Court before the hearing to be held on March 13, 2024. If *in camera* review is not permitted, the Parties will submit the Agreement in a manner that limits disclosures to those necessary to obtain Court approval of the Agreement. If the Court does not approve the Agreement or does not dismiss the Lawsuit, in full, with prejudice, the Parties agree to engage in follow-up discussions with the goal of resolving the Court's concerns that precluded approval and/or full dismissal, to the fullest extent consistent with the parties' original, mutual intent at the time they agreed upon the settlement. If feasible, the Parties will then resubmit the Agreement for approval within ten (10) days, or if approval is again denied, they will take whatever measures are necessary to achieve settlement approval, to the fullest extent consistent with the Parties' mutual intent at the time they agreed upon a settlement.

**7.   *Promise Not To Sue.*** A "promise not to sue" means Placeres promises not to sue any Releasee. This is different from the Release above. Besides releasing claims covered by the above Release, Placeres agrees never to sue any Releasee for any reason covered by the Release, subject to the Release Exclusions. Despite this Promise Not To Sue, however, Placeres may file suit to enforce this Agreement. If Placeres sues a Releasee in violation of this Agreement, she shall be required

to pay that Releasee's reasonable attorney fees and other litigation costs incurred in defending against her suit.

**8. *Confidentiality of Agreement.*** This Agreement is strictly confidential. Other than as necessary to obtain Court approval of this Agreement, Placeres will not communicate this Agreement's terms to any third party, whether verbally or in writing, by any means, including by social media. Any disclosure by Placeres or her agents will cause Defendants and the Releasees irreparable harm that money cannot undo. Accordingly, a proven violation of this section will entitle Defendants to temporary and permanent injunctive relief. Except as required by law, Placeres has not disclosed and will not disclose any term of this Agreement, including any payment under this Agreement, to anyone except her immediate family members and her legal/financial advisors. Each of them is bound by this Confidentiality of Agreement provision, and a disclosure by any of them is a disclosure by Placeres. Except as relates to obtaining the Arbitrator's approval of the Agreement, the only comment that Placeres or her legal counsel may make in response to an inquiry by a third party regarding the Lawsuit or this Agreement will be to say that "no dispute is pending." Placeres further represents that, as of the date she executes this Agreement, she and her legal counsel have not disclosed the terms or fact of this Agreement to any individual.

**9. *Non-Disparagement.*** Placeres promises not to do or say anything, verbally or in writing, directly or indirectly, that disparages, reflects negatively on, or otherwise detrimentally affects Defendants or any Releasee. This non-disparagement provision explicitly prohibits posting disparaging comments, remarks, videos, or reviews on social media platforms, including but not limited to Glassdoor, Indeed, Facebook, Yelp, search engine reviews, or other social media, career, or messaging platforms, or from encouraging or causing others to bring claims against Defendants or any Releasee.

**10. *Confidentiality and Non-Disparagement Exclusions.*** Nothing in this Agreement, including its confidentiality and non-disparagement provisions and the release and waiver of claims, is intended to limit Placeres's alleged rights to engage in protected, concerted activity under Section 7 of the National Labor Relations Act ("NLRA") or to file a charge with, participate in any investigation by or testify in any proceeding before the National Labor Relations Board. This means, for example, that nothing in this Agreement prohibits Placeres from speaking with co-workers or third parties about pay, hours, or terms and conditions of alleged employment (which Defendants deny) or from engaging in other protected, concerted activities under the NLRA. Placeres waives any right to monetary or other relief, including reinstatement, which may be ordered by the NLRB as a result of or in connection with such charge, investigation or proceeding. Nothing in this Paragraph shall be construed as an admission that the NLRA, in fact, applies to Placeres.

**11. *Neutral Reference.*** In response to any inquiry regarding her work for Defendants, SBP and/or SB Port shall provide Placeres a neutral reference letter and/or a neutral reference (stating her name, role held, dates worked, and last rate of pay) and without any reference to any claim, lawsuit, or the resolution thereof.

**12. *Non-Admission.*** Neither Defendants' settlement offer(s) nor any payment under this Agreement is an admission that Placeres has any viable claim against any Releasee. Defendants deny all liability. The Parties agree that, except as otherwise provided herein, they shall bear their

own respective attorneys' fees and costs. Neither Placeres nor Defendants shall be viewed as a prevailing party by virtue of executing this Agreement.

13. *Payment of Applicable Taxes.* Placeres is and shall be solely responsible for her share of all federal, state, and local taxes that she may owe by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Placeres agrees to indemnify and hold Defendants harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed on her by the Internal Revenue Service or other governmental agencies regarding her share of any tax obligations that may arise from the monetary consideration made to Placeres under this Agreement.

14. *Applicable Law.* This Agreement shall be interpreted under federal law if that law governs, and otherwise under the laws of Florida, without regard to its choice of law provisions.

15. *Enforceability.* If a court (or arbitrator) finds any part of this Agreement unenforceable, that part shall be modified and the rest enforced. If a court (or arbitrator) finds any such part incapable of being modified, it shall be severed and the rest enforced. A decision not to enforce this Agreement does not waive any future violation.

16. *Enforcement.* If any party defaults in its payment obligations under this Agreement, Plaintiff shall provide the breaching party notice of the default and five (5) days to cure the default. If the breaching party has still not provided the payment at the conclusion of the cure period, Plaintiff shall be entitled to seek from the breaching party (and the breaching party alone): (1) immediate entry of judgment against the breaching party for the amount owed by that party; and (2) reasonable attorneys' fees and costs associated with obtaining that judgment.

With respect to any other breach of the Agreement, the prevailing party shall be entitled to preliminary and permanent injunctive relief against the breaching party, plus attorneys' fees incurred in enforcing this Agreement from the breaching party (unless otherwise expressly provided elsewhere in this Agreement) and any additional relief determined to be appropriate from the breaching party.

17. *Counterparts.* This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, with the same effect as if all parties had signed the same document. All such counterparts shall be deemed an original, shall be construed together, shall constitute one and the same instrument, and shall be considered confidential in accordance with the terms of this Agreement. A copy or .pdf version of this Agreement shall be considered the same as an original for all purposes.

18. *Non-Assignment.* Placeres agrees that she has not and will not assign this Agreement, any part of this Agreement, or any rights arising under this Agreement, to any person or entity. Placeres further represents and warrants that, as of the effective date of this Agreement, the claims released under this Agreement have not been sold, assigned, or transferred, in whole or in part, to any other person or entity.

19. *Entire Agreement.* This Agreement constitutes the entire, complete, and integrated statement of each and every term and provision agreed to by and between Placeres and Defendants related to Placeres's release of claims. This Agreement supersedes any prior representations, promises, or

warranties (oral or otherwise) made by Placeres or Defendants as to such claims, and neither Placeres nor Defendants shall be liable or bound to any prior representation, promise, or warranty (oral or otherwise) as to the matters covered by this Agreement, unless expressly set forth herein. This Agreement shall not be modified or canceled in any respect, except as provided herein by a writing executed by Placeres and Defendants.

20. ***Other Representations.*** Placeres agrees:

- She has received all pay, compensation, benefits, leave, and/or time off she is due to date, including for overtime or vacation/PTO, or will receive the same through this Agreement;

- She has not suffered any on-the-job injury for which she has not already filed a claim, and the end of her work is not related to any such injury;

- The payments and other consideration provided in this Agreement are not related to sexual harassment or sexual abuse;

- She has had the opportunity to negotiate this Agreement with Defendants, and this Agreement shall not be construed for or against any party as a drafter of its terms;

- She was advised in writing, by getting a copy of this Agreement, to consult with an attorney before signing below; and

- She is signing this Agreement knowingly and voluntarily.

**\*\*      THIS SPACE INTENTIONALLY LEFT BLANK       \*\***

**SIGNATURES CONTAINED ON NEXT PAGE**

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR AT YOUR OWN EXPENSE.

By: *Mayelin Placeres*
    MAYELIN PLACERES (Mayelin Placeres Apr 8, 2024 13:38 EST)    (Date)

By:_____
    SBP STAFFING AND RECRUITING LLC    (Date)

Name: _____

Title: _____

By:_____
    SB PORT VENTURES LLC    (Date)

Name: _____

Title: _____

By:_____
    TRIXIE BELO-OSAGIE    (Date)

By:_____
    NOMI HEALTH, INC.    (Date)

Name: _____

Title: _____

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR AT YOUR OWN EXPENSE.

By:_____
    MAYELIN PLACERES   (Date)

By: *Trixie Belo-Osagie*
SBP STAFFING AND RECRUITING LLC   (Date)

Name: _____

Title: _____

By: *Trixie Belo-Osagie*
SB PORT VENTURES LLC   (Date)

Name: _____

Title: _____

By: *Trixie Belo-Osagie*
TRIXIE BELO-OSAGIE   (Date)

By:_____
    NOMI HEALTH, INC.   (Date)

Name: _____

Title: _____

7

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS. IF YOU WISH, YOU SHOULD CONSULT AN ATTORNEY OR OTHER ADVISOR AT YOUR OWN EXPENSE.

By:_____
      MAYELIN PLACERES    (Date)

By:_____
    SBP STAFFING AND RECRUITING LLC    (Date)

Name: _____

Title: _____


By:_____
    SB PORT VENTURES LLC    (Date)

Name: _____

Title: _____


By:_____
    TRIXIE BELO-OSAGIE    (Date)


By: *Debbie Giambruno*
    NOMI HEALTH, INC.    (Date)

Name: Debbie Giambruno

Title: General Counsel

7